UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
M.M., an infant, by her mother and Natural
Guardian, ABIGAIL MAGILANY,

                      Plaintiff,              **MEMORANDUM**
                                              **OPINION AND ORDER**
  -against-
                                              CV 20-4222 (AYS)

FITNESS INTERNATIONAL OF NEW YORK,
LLC and L.A. FITNESS INTERNATIONAL,
LLC,

                      Defendants.
------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      On May 27, 2020, Plaintiff, M.M., an infant ("Plaintiff" or "M.M."), by her mother and natural guardian, Abigail Magilavy[1] ("Magilavy"), commenced this action in New York State Supreme Court, New York County, against Defendants, Fitness International of New York, LLC and L.A. Fitness International, LLC (collectively, "Defendants"), alleging that on or about April 26, 2017, M.M. sustained personal injuries at the L.A. Fitness health club located in Farmingdale, New York. (Docket Entry ("DE") [1] ¶ 3.) Defendants removed the action to this Court on September 10, 2020.

      Although discovery proceeded smoothly and the parties were able to reach a settlement, the Court was never able to approve a proposed infant compromise because Magilavy ceased communicating with her attorney. Nor has she responded to an order to show cause issued by this Court. For the reasons set forth below, and, in particular, the fact that Defendants will be

---

[1] Although M.M.'s mother is named Abigail Magilany in the caption, further filings appear to indicate that her last name is actually "Magilavy."

1

prejudiced by Magilavy's protracted lack of any involvement in this matter, this action is hereby dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

This personal injury action was removed to this Court on September 10, 2020 and assigned to District Judge Margo K. Brodie. (DE [1].) An initial conference was held before the undersigned on December 17, 2020, at which time a discovery schedule was set. Discovery proceeded and, by letter dated May 28, 2021, the parties advised Judge Brodie that this action had settled. (DE [13].)

Thereafter, the parties consented to this Court's jurisdiction for all purposes, (DE [15]), and the action was reassigned from Judge Brodie to the undersigned. By Order dated December 6, 2022, the Court directed the parties to file their proposed infant compromise by December 20, 2022. (Order of Shields, M.J., dated Dec. 6, 2022.)

By letter dated December 20, 2022, Plaintiff's counsel advised the Court that he was unable to file the proposed infant compromise because, although he had attempted to contact Plaintiff's guardian, Magilavy, numerous times – via mail, email, text message and telephone – she was completely unresponsive. (DE [17].) The Court granted the parties until January 23, 2023 to file the proposed infant compromise and warned the parties that Magilavy's continued lack of cooperation and unresponsiveness would result in this action being dismissed for failure to prosecute. (Order of Shields, M.J., dated Dec. 22, 2022.)

On January 23, 2023, Plaintiff's counsel filed another letter, stating that despite numerous attempts to contact Magilavy, she still remained totally unresponsive. (DE [18].) The Court noted the lack of compliance by Magilavy and directed Plaintiff's counsel to file a further status report

in thirty days. (Order of Shields, M.J., dated Jan. 30, 2023.) The Court further directed Plaintiff's counsel to serve a copy of the Order on Magilavy.

Plaintiff's counsel failed to comply with the Court's Order of January 30, 2023. On March 28, 2023, the Court noted Plaintiff's counsel's failure to file a status report and directed that compliance with the January 30, 2023 Order be made by April 4, 2023. (Order of Shields, M.J., dated Mar. 28, 2023.) On March 29, 2023, Plaintiff's counsel filed a further status report, again stating that despite sending various letters via registered mail and making numerous telephone calls, Magilavy failed and refused to respond. (DE [19].)

By Order dated April 25, 2023, the Court directed Plaintiff's counsel to use all means at his disposal to confirm that the infant plaintiff and Magilavy actually reside at the address where counsel has been sending correspondence. The Court further directed counsel to provide the Court with Magilavy's address, once confirmed, and to report back to the Court within thirty days. (Order of Shields, M.J., dated Apr. 25, 2023.) By letter dated May 16, 2023, Plaintiff's counsel advised the Court that, using a website known as "Spokeo.com," he confirmed that Magilavy is residing at the address where he sent correspondence. Plaintiff's counsel further noted that none of the letters he sent to Magilavy were returned by the post office. (DE [20].)

On June 15, 2023, the Court issued an Order to Show Cause, directing Magilavy to show cause, in writing, on or before July 14, 2023, why this action should not be dismissed, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. The Court warned Magilavy that failure to respond to the Order to Show Cause would result in dismissal of the action. Plaintiff's counsel was directed to serve a copy of the Order to Show Cause on Magilavy at the address he confirmed via Spokeo.com and to file proof of service on the docket sheet. In

3

addition, the Court mailed a copy of the Order to Show Cause directly to Magilavy at the address provided by counsel. (DE [21].)

On June 22, 2023, the Order to Show Cause mailed to Magilavy by the Court was retuned as undeliverable, with a notation that the forwarding time had expired. However, the envelope stated Magilavy's current address and the Clerk's Office re-sent the Order to Show Cause to the address provided by the post office. (DE [23].) The Court has permitted Magilavy sufficient time to respond to the Order to Show Cause once it was re-sent to her current address. Magilavy has failed to comply with the Order to Show Cause.

## DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;

- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action. Magilavy has ceased communicating with counsel altogether and has been unreachable for almost one year. In addition, she wholly failed to respond to this Court's Order to Show Cause. Although Magilavy has been given multiple opportunities to communicate with her counsel and this Court, she has remained silent. At this time, the Court, Plaintiff's counsel and Defendants are unable to communicate with Magilavy. Magilavy's failure to follow Court directives and her lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bear the costs and burdens incidental to defending civil litigation. See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund"). As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

5

In view of the foregoing lack of activity in this matter, the action is dismissed, with prejudice, for failure to prosecute.

## CONCLUSION

For the foregoing reasons, this action is dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED:**

Dated: Central Islip, New York
September 14, 2023

                                           /s/ Anne Y. Shields
                                           ANNE Y. SHIELDS
                                           United States Magistrate Judge